lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROY OLIVER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-4013-JAR |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court upon plaintiff's Response to Show Cause Order (Doc. 5). On June 14, 2010, the Court ordered plaintiff to show cause why this case should not be dismissed for failure to serve defendant pursuant to Fed. R. Civ. P. 4(m) (Doc. 4). In response to the Order to Show Cause, plaintiff indicates that counsel inadvertently failed to act upon defendant's refusal to waive service of process, and has since prepared and submitted the necessary Summons to the Clerk's Office for execution. Plaintiff requests the Court not dismiss the action and instead, order that service of process be effectuated within thirty days if his response.

Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint to serve process on a defendant. A plaintiff is entitled to a mandatory extension of time if he shows good cause for the failure to timely effect service.[1] If a plaintiff fails to show good cause, then the court must consider whether a permissive extension of time is warranted or whether to dismiss

---

[1] Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

the case without prejudice.[2]  In this case, the Court finds that plaintiff is responsible for the defect in service and thus, has not established good cause to failing to serve defendant. Nevertheless, the Court finds this defect was an oversight and plaintiff immediately took corrective steps once the error was discovered.  Accordingly, the Court finds a permissive extension of time is warranted and grants plaintiff until **July 19, 2010**, or thirty days from the response, to obtain service of process.

**IT IS SO ORDERED.**

Dated: June 25, 2010

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[2]*Espinoza*, 52 F.3d at 841.